# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

UNITED STATES OF AMERICA                                   PLAINTIFF

v.                        CASE NO. 4:11CR00241 BSM

BRYAN COLBY CHAPPELL                                    DEFENDANT

## ORDER

Bryan Colby Chappell's motion to vacate, set aside, or correct [Doc. No. 49] the sentence imposed on May 23, 2012, pursuant to 28 U.S.C. § 2255, is denied. No hearing is required because the motion and entire record conclusively show that Chappell is not entitled to relief.

Chappell appeared on February 1, 2012, and pled guilty to one count of possessing counterfeit currency and one count of felon in possession. [Doc. No. 20]. Chappell, who was classified as an armed career criminal, was sentenced on May 23, 2012, to a term of 240 months on each count, to run concurrently. [Doc. No. 37]. He now moves to vacate the sentence because his lawyer was ineffective.

Chappell's motion is denied because he cannot show that his lawyer's actions or inactions prejudiced his defense. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984) (holding that to succeed on an ineffective assistance of counsel claim, the movant must show that his lawyer was ineffective and that the deficient performance prejudiced the defense). In support of his motion, Chappell contends that his lawyer erred in allowing him to be classified as an armed career criminal because his 1991 conviction for murder, arson, and

burglary should have counted as a single predicate offense.

The problem with Chappell's argument is that his lawyer did object to the presentence investigation report classifying him as an armed career criminal. The transcript clearly reflects that Chappell's lawyer argued that his 1991 conviction should count as a single predicate offense, rather than two, and that Chappell should therefore not be classified as an armed career criminal for sentencing purposes. As the transcript also reflects, that argument was overruled. Further, Chappell's attorney raised the very same issues on appeal, and Chappell's sentence was affirmed. As a result, the record flatly refutes Chappell's claim that his lawyer's performance was deficient and clearly shows that he is not entitled to relief. Accordingly, the motion [Doc. No. 49] is denied.

IT IS SO ORDERED this 24th day of October 2013.

_____
UNITED STATES DISTRICT JUDGE